FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 27 2012 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

ROBERT BOLEY,

                Plaintiff,

    -against-

ALBERT DEVITO; CAROLYN ZEITLER;
HONORABLE GUY MANGANO; HONORABLE
MARTIN MURPHY; KINGS COUNTY DISTRICT
ATTORNEYS OFFICE; DISTRICT ATTORNEY
CHARLES J. HYNES, ESQ; ASSISTANT
DISTRICT ATTORNEY LISA MARIE
VELLUCCI, ESQ.; ASSISTANT DISTRICT
ATTORNEY [PRETRIAL ADA NAME];
SERGEANT [FNU] DURETS (61 Precinct);
POLICE OFFICER DEXTER
DEONARINESINGH (61 Precinct); POLICE
OFFICER JOHN DOE #1 (Desk Officer, 61
Precinct); and POLICE OFFICER JOHN/JANE
DOE(S) #'S 2-10 (61 Precinct),

                Defendants.

------------------------------------------------------------------ X

12-CV-4090 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM AND
ORDER

ROSS, United States District Judge:

    On August 15, 2012, Robert Boley ("plaintiff"), proceeding pro se, filed the instant action seeking relief pursuant to 42 U.S.C. § 1983 ("§1983") and asserting various state law causes of action, including false arrest, malicious prosecution, and intentional infliction of emotional distress. Plaintiff claims that, on August 23, 2009, defendant police officers used excessive force when they arrested him for "mopicity." Compl. ¶¶ 16-20. He asserts that he was subsequently prosecuted for, inter alia, robbery and assault and that he was forced to make thirteen court appearances over fifteen months before the charges against him were dismissed in November 2010. Plaintiff seeks a total of twenty-four million dollars in damages. Plaintiff's

1

application to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. Albert DeVito, Carolyn Zeitler, Guy Mangano, Martin Murphy, Charles J. Hynes, and the two assistant district attorneys are dismissed as defendants. Plaintiff's claims against Sergeant Durets and Police Officers Dexter Deonarinesingh and John Does 1-10 may proceed, as set forth below.

## DISCUSSION

I. Standard of Review

A district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).

At the pleadings stage of a proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is, however, axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read a plaintiff's pro se complaint liberally and to interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

II. Immunity for Witnesses

Plaintiff asserts that defendants Albert DeVito and Carolyn Zeitler falsely testified

2

against plaintiff on November 10, 2010, "in an attempt to convict him of falsified charges." Compl. ¶ 26. As witnesses, they enjoy absolute immunity from suit under §1983. See Rehberg v. Paulk, 132 S.Ct. 1497, 1505 (2012). To the degree to which plaintiff seeks to hold defendants liable for alleged perjury, no such private right of action exists. Abrahams v. Incorporated Village of Hempstead, No. 08 CV 2584, 2009 U.S. Dist. LEXIS 46725, at *8 (E.D.N.Y. June 2, 2009) (dismissing civil suit for perjury because "there is no private right of action for perjury" under New York law)). The complaint is therefore dismissed as against defendants DeVito and Zeitler. 28 U.S.C. § 1915(e)(2)(B)(ii).

III. Judicial Immunity

Plaintiff's claims against the Honorable Guy Mangano and the Honorable Martin Murphy, judges of the Supreme Court of the State of New York, Kings County, must be dismissed because judges have absolute immunity from suits for damages for acts performed in their judicial capacities. See Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles v. Waco, 502 U.S. 9, 13 (1991) (citations and internal quotation marks omitted). Defendants Mangano and Murphy are accordingly dismissed from this action. 28 U.S.C. § 1915(e)(2)(B)(iii).

IV. Prosecutorial Immunity

The Kings County District Attorney's Office is not a suable entity. Conte v. County of Nassau, No. 06-CV-4746, 2008 U.S. Dist. LEXIS 25694, at *2-3 n.2 (E.D.N.Y. Mar. 31, 2008) (concluding that, because the Nassau County District Attorney's Office was an administrative arm of the County, it lacked the capacity to be sued); see See McCray v. City of New York, Nos.

03 Civ. 9685 (DAB), 03 Civ. 9974 (DAB), 03 Civ. 10080 (DAB), 2007 U.S. Dist. LEXIS 90875, at *88-89 (S.D.N.Y. Dec. 11, 2007) (collecting cases holding that the District Attorney's Office is not a suable entity). Nor may plaintiff sue the district attorney or individual prosecutors. Prosecutors are entitled to absolute prosecutorial immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process,'" including the decision whether or not to commence or maintain a prosecution. Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Accordingly, the complaint is dismissed as against the Kings County District Attorney's Office, District Attorney Charles J. Hynes, Assistant District Attorney Lisa Marie Vellucci, and the unnamed assistant district attorney assigned to the pretrial portion of plaintiff's criminal case. 28 U.S.C. 1915(e)(2)(B)(iii).

## CONCLUSION

Defendants Devito, Zeitler, Mangano, Murphy, and the Kings County District Attorney's Office and its defendant employees are dismissed from this action. 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to those defendants.

Plaintiff's allegations against law enforcement defendants Durets, Deonarinesingh, and John Does 1-10 are not properly subject to sua sponte dismissal, so they may proceed. The United States Marshals Service is directed to serve summonses and the complaint upon defendants Durets and Deonarinesingh without prepayment of fees. A copy of this order shall also be served on the Special Litigation Division of Corporation Counsel.

The case is referred to the Honorable James Orenstein, United States Magistrate Judge, for pretrial supervision.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be

taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Ross

Allyne R. Ross
United States District Judge

Dated: August 27, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Robert Boley
1935 East 18th Street
Brooklyn, NY 11229